GLOBE CONST. CO., Inc., et al. v.
BREWER.

No. 13870.

United States Court of Appeals
Fifth Circuit.

June 27, 1952.

Ernest A. Carrere, Jr., New Orleans, La., for appellants.

Lampton O. Williams, Poplarville, Miss., for appellee.

Before, HOLMES, STRUM, and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This action is under the Louisiana Workmen's Compensation Act[1] brought by Tom Q. Brewer against Globe Construction Company, Inc., his employer, and The Travelers Insurance Company, the employer's insurer, for four hundred weeks of compensation at the maximum rate of $20.00 per week, for permanent and total disability, as a result of an accident allegedly sustained by Brewer, while in the scope and course of his employment by Globe Construction Company as a carpenter's helper or carpenter.

The appellants complain that there was not sufficient evidence to prove the appellee's (plaintiff's) case and more particularly to prove that the accident caused the disability. Alternatively, the appellants ask that the judgment be corrected so as to give credit for the period after the accident that Brewer remained in Globe's employment, and further to provide that the compensation should be for the period of disability not exceeding four hundred weeks rather than unqualifiedly for four hundred weeks.

The issues are more clearly understood from a consideration of the facts as set forth by the District Court in its findings as follows:

"Plaintiff's duties as a carpenter required that he climb ladders, work on scaffolding, on rafters, and on roofs of buildings under construction, as well as work on the inside and outside of said buildings, and on the floors, walls, and ceilings thereof. Plaintiff before his injury on January 21, 1948, was able-bodied, robust, and strong.

"On January 21, 1948, as the result of an accident in the course of his employment, plaintiff received serious and permanent injuries to his left hip from which he has suffered since the date of said accident and from which he is suffering and will continue to suffer the remainder of his life. As a result of this injury plaintiff suffers pain in his left hip, particularly when he is required to stand for any length of time and when he is required to use his left hip in walking and climbing.

"Plaintiff's disability as a result of the accident is total and permanent. Plaintiff is not able to resume his duties as a carpenter or to perform duties similar thereto for the reason that his hip would not permit him to stand, walk and climb for eight hours a day."

The case was tried mostly upon oral testimony before the Court. We have carefully studied the record in connection with the briefs and arguments, but with due regard to the opportunity of the trial court to judge of the credibility of the witnesses, we do not think that any of the findings of fact should be set aside as clearly erroneous. Rule 52(a), F.R.C.P., 28 U.S.C.A.

The appellants are entitled to have the judgment corrected so as to give credit for the number of weeks compensation during which the appellee continued on the job and drew wages.[2] The judgment should further be corrected so as to show that the compensation is payable during the period of disability not beyond four hundred weeks. Louisiana Statutes Annotated–Revised Statutes, 23:1221, Subparagraph (2). The installments of compensation should bear interest at the rate of 5% per annum from the dates on which they would have become due but for this appeal. We do not think, however, that the appellant should be penalized by the imposition of damages for delay as provided

1. Act No. 20 of 1914, as amended, the Louisiana Statutes Annotated—Revised Statutes 23:1221.

2. Carlino v. United States Fidelity Guaranty Co., 196 La. 400, 199 So. 228, 233; McKenzie v. Standard Motor Car Company, La.App., 15 So.2d 115, 118.

by Rule 30 of this Court and by 28 U.S.C.A. § 1912.

It was conceded upon oral argument that an appeal was not necessary to obtain the corrections in the judgment which we have indicated, but that such corrections would probably have been made by the District Court upon motion. The costs of appeal are, therefore, taxed against the appellants, and the judgment is reversed with instructions to render a corrected judgment in accordance with this opinion.

Reversed.