Charles Joseph GEIGER, Plaintiff,.

v.

The GLOBE INDEMNITY CO.,. Defendant.

Civ. A. 6532.

United States District Court
E. D. Louisiana
New Orleans Division.

Nov. 15, 1957.

**616**

---

Benjamin E. Smith, New Orleans, La., for plaintiff.

Bienvenu & Culver, P. A. Bienvenu, New Orleans, La., for defendant.

J. SKELLY WRIGHT, District Judge.

Plaintiff, an iron worker, suffered a back injury while employed as an iron worker foreman for the Metal Building Products Company, Inc. At the time of his injury, Geiger was engaged, with three other iron workers, in carrying a steel I beam weighing four to five hundred pounds. In this action for compensation under the Louisiana Compensation Act, it is now admitted by both sides that Geiger, because of his back condition resulting from the injury, is disabled from doing heavy work of any kind, including lifting. The defendant insurer contends, however, that since Geiger has returned to his former job as iron worker foreman for the Metal Building Products Company, he is not entitled to permanent disability status under the Louisiana Workmen's Compensation Act.

The Louisiana Compensation Act provides payment of compensation "For injury producing permanent total disability to do work of any reasonable character * * *." [1] Like all compensation acts, Louisiana's has been interpreted by her Supreme Court liberally in favor of the compensation claimant, so that now it is uniformly held that "work of any reasonable character" means work of the same or similar description to that which the claimant customarily performed at the time of his

1. LSA–R.S. 23:1221.

accident.[2] The fact that the injured employee is rehired by his employer does not negative his right to recover compensation if it is shown that, after his accident, he cannot perform a substantial part of the work which he was trained to perform and customarily performed at the time thereof.[3] The philosophy behind such rulings is obvious. A workman trained as an iron worker, for example, who has been rendered physically unable to perform the duties of an iron worker, should not be denied compensation because his employment has been continued, though his duties substantially changed.[4] The reasons for continuing the employment may be personal to the employer and not indicative of the employee's ability to pursue his regular trade or occupation. The employer, through kindness or self interest,[5] may retain the employee, giving him lighter but more specialized work. The fact remains, however, that if the employment is terminated after compensation is judicially denied, the employee will not be able to compete in the labor market with those similarly trained.

The medical evidence here shows that following his injury on February 20, 1956, Geiger was taken to the hospital in New Orleans where his condition was treated ineffectively by company physicians. It was recommended that he return to work on March 5, 1956 and he did so. However, after recurrence of the severe leg pains, he was readmitted to the hospital on March 25, 1956 where he was given a myelogram [6] and his condition was diagnosed by the company physician as a possibly ruptured intervertebral lumbar disc. When he was discharged from the hospital on April 7, 1956, he went back to work, but was readmitted to the hospital on May 4, 1956. He remained bedridden at the hospital or at home until May 22, 1956 when he was operated on by the company physician. The operation explored the area between Geiger's third and fifth lumbar vertebrae with negative results, according to the company doctor, who subsequently returned Geiger to work wearing a corset and a cane.

Geiger has continued to work as an iron worker foreman for the Metal Building Products Company up to and including the date of trial of this case. He does not perform any strenuous work, however, such as heavy lifting, nor is he able to climb ladders because of the continuing painful condition in his back. The president of Metal Building Products company verified that Geiger was no longer assigned duties requiring strenuous work or heavy lifting, that his only duties now were supervisory in nature. He admitted that Geiger before his accident performed heavy work but insisted that he was now no longer required to. This insistence was in spite of the fact that the collective bargaining agreement covering Geiger's employment with the Metal Building Products Company requires an iron worker foreman, on a job requiring five or less iron workers, to participate in the manual work, including heavy lifting, performed by the men in his charge. The evidence also shows that on many, if not most, jobs performed by the company, five or less iron workers are assigned. In fact, the job on which Geiger was working at the time of his injury was such a job.

The defendant here at first contended that Geiger was not suffering from a ruptured disc and that in fact Geiger could do all of the work which he had previously performed. Dr. E. T. Haslam, an orthopedist connected with Tulane

2. Knispel v. Gulf States Utilities Co., 174 La. 401, 141 So. 9.

3. Myers v. Jahncke Service, Inc., La.App., 76 So.2d 436; Malone, Louisiana Workmen's Compensation Law and Practice § 274 (1951).

4. Cobb v. A. G. McKee & Co., La.App., 45 So.2d 432.

5. Premiums on compensation insurance are geared to loss experience.

6. A diagnostic test in which, for observation purposes, the fluid in the spine is replaced temporarily with a radio opaque fluid.

University Medical School, reported, however, that Geiger was in fact suffering from a ruptured disc in the area of his lower lumbar spine and was disabled from performing hard work of any kind. In view of the apparent conflict in the medical reports of plaintiff and defendant, the Court appointed Doctors Homer D. Kirgis and Dean H. Echols, outstanding neurosurgeons connected with the Ochsner Clinic in New Orleans, to examine Geiger. Both Dr. Kirgis and Dr. Echols reported that Geiger was in fact suffering from a rupture of the lumbo-sacral disc causing irritation of the first sacral nerve on the left. In addition, they testified at the trial to the effect that Geiger's back condition would preclude him from engaging in any strenuous work, particularly lifting and climbing.

■ Unquestionably, as is now admitted by both sides, Geiger is unable to perform heavy work. Nevertheless, the defendant now contends that since his employer maintains Geiger in the same position he occupied prior to his injury, that Geiger is foreclosed from receiving compensation under the Workmen's Compensation Act for permanent total disability. It points to the testimony of Geiger's employer to the effect that he is completely satisfied with Geiger's work as iron worker foreman and that, without of course guaranteeing this hourly employee anything, he would be happy to continue Geiger in its employment, restricting his work to supervisory duties. Assuming that economic conditions will allow his employer to continue Geiger with his disabled back on the payroll indefinitely,[7] the fact remains that the employer's collective bargaining agreement with the union required and still requires an iron worker foreman to work with the men on a job

to which five or less are assigned. Consequently, a substantial part of the work performed by Geiger at the time of his injury was, and under the agreement still is, strenuous work. In fact, at the time of his injury, he was helping carry a four to five hundred pound steel I beam on a job requiring him to do just that. Admittedly, he is not able to do that part of his work now. He is, therefore, disabled to perform work similar to that in which he was engaged at the time of his injury and is entitled to permanent total disability payments until the employer can prove that he is able to perform such work. Under the Louisiana Compensation Statute, the employer has a right at any time six months after rendition of judgment to have Geiger examined. If any such examination shows that his disability has ceased, then the compensation will cease.[8]

■ The defendant also suggests that since the cause of Geiger's disability is a ruptured disc, he should be required to accept an operation therefor in the hope that such an operation would eliminate his disability. A ruptured disc may be treated conservatively by bedrest, wearing a corset, which Geiger is now doing, or limiting one's activity. If conservative treatment fails, then excision is indicated. But Geiger has already submitted to a myelogram and an operation on his back. The operation, unfortunately, was unsuccessful. In addition, as a result of the operation, Geiger now suffers from hypesthesia in the left leg centering particularly in the left foot and great toe. Under the circumstances, Geiger's reluctance to submit to further surgery is understandable. Moreover, the Louisiana Supreme Court has held time and again that a compensation claimant is not required to submit to an operation,[9] that if he is disabled, he is

7. See Myers v. Jahncke Service, Inc., supra, where a ship fitter, disabled from working as such but retained by the same employer as a ship fitter subforeman at same hourly rate, was held totally and permanently disabled under the Louisiana Compensation Act.

8. LSA–R.S. 23:1331.

9. Simmons v. Blair, 194 La. 672, 194 So. 585; Bronson v. Harris Ice Cream Co., 150 La. 455, 90 So. 759.

entitled to compensation irrespective of the fact that the medical testimony indicates that an operation would relieve the disability.

The claim for penalties under LSA–R.S. 22:656 and 22:657 is denied. Judgment otherwise for plaintiff. No credit on compensation for wages earned since the accident.[10]

10.  See Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218; White v. Calcasieu Paper Company, La.App., 96 So.2d 621; Myers v. Jahncke Service, Inc., supra.