The **GLOBE INDEMNITY COMPANY,**
Appellant,

v.

**Charles Joseph GEIGER, Appellee.**

No. 17163.

United States Court of Appeals
Fifth Circuit.

June 30, 1958.

P. A. Bienvenu, Bienvenu & Culver, New Orleans, La., for appellant.

Benjamin E. Smith, New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and JONES and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

Plaintiff brought this suit under the Louisiana Workmen's Compensation Act, LSA–R.S. 23:1021 et seq., against the defendant, the insurer of his employer,

Metal Building Products, Inc., alleging total and permanent disability and claiming compensation at the rate of $30 per week for a period of 400 weeks, less compensation payments made.

The defendant, admitting that it is the compensation insurer of Metal Building Products, Inc., and that it has refused to pay plaintiff compensation for the reason that he is not entitled to recover it, alleged that plaintiff continues in the employment of Metal Building Products, Inc., performing similar duties to those performed by him before the alleged accident and receiving the same wages as he received prior thereto, and he is therefore not entitled to recover.

On the issues thus joined, the case came on for trial before the judge without a jury, and, at its ending, there were findings and conclusions, in the form of an opinion,[1] and a judgment for plaintiff, and defendant appealed.

Here, on two specifications of error:

1. The Court erred in finding that plaintiff is totally and permanently disabled.

2. The Court erred in refusing to allow credit for wages earned since the accident and in permitting plaintiff to recover both compensation and wages even though plaintiff continues in the employ of the same employer, doing work of a similar character and earning greater wages than before the injury.

Appellant, confidently arguing the law and the facts, insists that the judgment should be reversed in whole or in part.

Appellee, on its part, as confidently insists that the district judge was right for the reasons that he gave and that the judgment should be affirmed.

We agree that this is so. This is not to say that examination and study of the Louisiana cases dealing with the questions here presented do not reveal that there is at least some confusion and uncertainty in the decisions as a whole. It is to say, though, that, since it is our duty to follow if we can find it the path along which the state courts have gone, and we are of the opinion that the district judge has found and followed it as near as may be, we follow in his train. Globe Construction Co. v. Brewer, D.C., 197 F.2d 707 is not, as appellant claims, directly in point. The question here debated was not really in controversy there. Besides the court in that case cited in support of its ruling decisions of the Louisiana courts decided earlier than those relied on here.

The judgment is affirmed.

1. Geiger v. Globe Indemn. Co., D.C., 156 F.Supp. 615.