YARRUT, Judge.
Plaintiff filed suit for maximum workmen’s compensation benefits claiming total and permanent disability from a job-connected injury that virtually blinded him in the left eye. He was working as a carpenter’s helper when he was injured. He also sought statutory penalties and attorney’s fee for the Defendant’s arbitrary refusal to pay compensation for accrued and future medical expenses.
Defendant is the compensation insurer of Plaintiff’s employer; admitted Plaintiff’s injury; asserted compensation was paid while Plaintiff was disabled; and resisted further payment on the ground that eye surgery and a contact lens corrected the disabling condition. In the alternative, Defendant contends that, if there is disability it is “partial, nonfunctional and non-disabling”, thus no compensation is due.
The Trial Court rendered judgment for Plaintiff in the sum of $3,500.00 for the loss of vision in one eye, and $45.00 for unpaid medical expenses.
Plaintiff appealed, contending the Trial Court erred in concluding he was not totally and permanently disabled; in rejecting his prayer for penalties and attorney’s fee; and in failing to award a sum for future medical expenses.
*706 The facts are not disputed. On July 7, 1964, a nail hit Plaintiff in his left eye, causing “a through and through laceration of the cornea, and laceration of the lens, with an iris prolapse and loss of the anterior chamber of the eye.” Dr. G. P. Puryear, his ophthalmologist, performed five operations within the next two years before Plaintiff reached maximum recovery. Without a corrective lens, Dr. Pur-year, using the American Medical Association standard of rating, says Plaintiff is considered 100% blind in the left eye. He has finger count vision at a distance of three feet, and his depth perception and peripheral vision have been reduced by the injury. With a contact lens, his left eye can be brought to 20-30 vision.
Since the accident Plaintiff has worked as a carpenter’s helper and a plumber’s apprentice. Although his vision has been diminished by the accident, nonetheless he candidly states he is able to perform the work he could do prior to his injury. Plaintiff said he does not work in pain. The limitation imposed on him by the injury is the need for caution, particularly when he works above ground level.
We must first question whether Plaintiff’s condition permanently disables him from performing work of a similar character to that he was engaged in when injured. Plaintiff’s own testimony establishes he is not so disabled. In urging maximum benefits are due, Appellant relies on three cases wherein the loss of vision in one eye was judicially determined to be a total and permanent disability. They are distinguishable from the instant case.
In Roberie v. Ashby Construction Company, La.App., 215 So.2d 857, a workman, who could not resume his former occupation without experiencing pain, was allowed maximum benefits because our law does not require the injured employee to work in pain. Plaintiff herein testified he performs his duties without experiencing pain.
In McCain v. Fohs Oil Co., La.App., 6 So.2d 197, a derrick worker, required to climb as high as 165 feet to resume his pre-injury duties, was found to be totally and permanently disabled because medical evidence established that his loss of vision ruled out his ability to safely climb this high. In the case now before us, Dr. Pur-year states it is safe for' Plaintiff to do what climbing is required by a carpenter’s helper.
The loss of vision in one eye by the plaintiff in Lorch v. American Can Co. Southern, La.App., 5 So.2d 35, was held to be permanently disabling to a machinist suffering double vision from a job-connected injury. He could not see well enough to return to the job. With the corrective lens, Plaintiff herein is able to resume all his pre-injury duties. He admits this.
Therefore, we conclude the Trial Judge properly limited recovery to the payment scheduled in the compensation act for specific loss of a physical function under the quoted part of LSA-R.S. 23:1221:
“Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
* * * * * *
“(4) In the following cases the compensation shall be as follows:
******
“(i) For the loss of an eye, sixty-five per centum of wages during one hundred weeks.
*****
Having reached this conclusion, we must next determine whether the Defendant insurer’s failure to pay this amount was arbitrary and capricious, subjecting it to penalties and attorney’s fee provided for by LSA-R.S. 22:658. Defendant paid a total of $855.00 in compensation to Plaintiff during intervals that he was unemployed between July, 1964, through April, 1966, at which time he was being treated for the eye injury. Three additional payments, total- *707 ling $15.00, were made in late 1966 and in May, 1967, simply to interrupt prescription.
The undisputed medical evidence establishes Plaintiff is blind in one eye. Defendant denies liability for benefits, other than those previously paid, on two alternative grounds, namely: (1) the disability has been corrected through surgery and a prescription lens; or (2), alternatively, if there is a disability, it does not prevent Plaintiff from working as he did before the accident.
Both contentions are grounded on the premise that, once the injured workman is no longer disabled, no further compensation is due. The benefits due Plaintiff under LSA-R.S. 23:1221(4) (i) are not contingent on his inability to work. This section sets forth a schedule of payments for specific losses of physical functions. Because Plaintiff lost the sight in one eye through an industrial accident, he is entitled to 100 weeks of compensation. Defendant’s failure to pay this amount, which we think the statute plainly states is due, is arbitrary and capricious. See Dillon v. Lloyd’s of London, 178 F.Supp. 164.
In fixing the attorney’s fee, we are mindful of the holding in Cain v. Employers Casualty Company, 236 La. 1085, 110 So.2d 108, that the fee is to be based on the attorney’s time, skill and effort in representing his client. The penalty fee is not limited to the maximum fee provided by the compensation act itself. We think a fee of $1,500.00 fairly compensates Plaintiff’s attorney for services rendered in preparing this matter for trial, trying the case and prosecuting this appeal.
The 12% penalty to be imposed is on that part of the compensation benefits yet unpaid. See Redding v. Cade, La.App., 158 So.2d 880.
Finally, Appellant seeks a judgment for future medical expenses. We find no merit in this request. Dr. Puryear indicates Plaintiff’s eye condition was stabilized in April, 1966, some two and one-half years before the trial. In his view the eye has not deteriorated since that time and no further treatment is indicated.
For the reasons assigned, the judgment appealed from is amended to award Plaintiff attorney’s fee in the sum of $1,500.00, and to further award Plaintiff 12% of the amount of compensation benefits unpaid as a penalty. In all other respects the judgment appealed from is affirmed. Defendant is to pay the cost of this appeal.
Judgment amended and, as amended, affirmed.