290 So.2d 791 (1974)
Frank Eden HOLLOWAY et ux.
v.
LIBERTY MUTUAL FIRE INSURANCE COMPANY.
No. 9722.
Court of Appeal of Louisiana, First Circuit.
February 11, 1974.
Rehearing Denied March 18, 1974.
Writs Refused April 29, 1974.
*792 John S. White, Jr., Baton Rouge, for appellants.
Robert J. Vandaworker, Baton Rouge, for appellee.
Before SARTAIN, TUCKER and WATSON, JJ.
*793 PER CURIAM.[*]
This is a suit by Frank Eden and Virginia Rogers Holloway on Homeowners' Policy No. H32-291-49690-009BR covering the dwelling in which they reside at 1232 Sherwood Forest Boulevard in Baton Rouge, Louisiana. In June, 1972, a leaking drain pipe caused water damage to the carpeting and sheetrock in their master bedroom and in the adjacent hallway. The carpeting in this house was approximately six years old at the time of the damage. Furthermore its style had been discontinued. Plaintiffs made proof of loss and requested from its insurer, Liberty Mutual Fire Insurance Company, the cost of replacing the carpeting in the entire bedroom wing of the house. Defendant insurance company engaged an appraiser to appraise the damage and subsequently tendered plaintiffs two payments of Two hundred eighty-four and 50/100 ($284.50) Dollars and Fifty-four and 91/100 ($54.91) Dollars in payment for the loss of the specific carpeting damaged, less depreciation. Plaintiffs accepted these two payments for the carpeting as partial payments on the total amount due them. There was no dispute as to the cost of replacing the sheetrock damaged in repairing the leak.
In the trial court judgment was given for the plaintiffs in the amount of One Thousand twenty-one and 21/100 ($1,021.21) Dollars as follows:

 Total Damages $1,610.62
 Less Deductible $250.00
 Payment by Lib. Mut. 284.50
 Payment by Lib. Mut. 54.91 589.41
 Balance Due ............................... 1,021.21

Plaintiffs have appealed from this judgment asking in addition for Twelve per cent (12%) penalties and reasonable attorney fees of One Thousand seven hundred fifty and no/100 ($1,750.00) Dollars under L.R.S. 22:658 for defendant's alleged arbitrary and capricious refusal to make payment to plaintiffs under their policy.
Defendant insurance company answered the appeal, charging error by the trial court in awarding plaintiffs anything, on the basis of defendant's having satisfied all contractual obligations to plaintiffs by making payment to them for the specific carpet damaged, less sixty per cent (60%) depreciation.
Kenneth McKay, plaintiffs' interior decorator, was qualified as an expert in the field of interior design. He testified that, since the color and pattern of the carpeting originally used in plaintiffs' house had been discontinued, it was impossible to replace the damaged carpeting without replacing all of the carpeting in the bedroom wing of the house. Even if the same color and texture of carpeting could be obtained, to replace only the damaged portions of the carpet, would result in unsightly seams at the juncture point, according to Mr. McKay, and contrast between the old and the new carpeting would be readily apparent and would have an adverse effect on the overall market value of the house. Mr. McKay likened the replacement of the damaged carpet to the effect of replacing a sleeve in a suit with other than the same material with which the whole suit had been tailored originally. He also testified that it was the general practice in Baton Rouge in houses of the type of plaintiffs to use one kind of carpeting and one color in all of the bedrooms, and that to do otherwise would depreciate the value of the house. Mr. McKay testified further that he had been consulted by 50-100 homeowners in Baton Rouge who had sustained water damage to their carpeting, and that he always recommended replacement of the carpet in the entire bedroom wing, if the damage had been in any part of that area.
W. W. Wilkinson, a qualified realtor, also testified that if carpeting of the same texture and color is not used in the entire bedroom wing of houses such as the Holloways' house, it diminishes the value of the house by $1,000 to $2,000.
*794 In the light of the testimony of the expert witnesses in this case we find no error in the judgment of the trial judge in awarding plaintiffs the cost of the replacement of the carpeting in the entire bedroom wing of their house. Furthermore we agree with the trial judge that there is no merit in defendant insurance company's argument that a proportional value is the proper figure to be used in estimating plaintiffs' damage under "Additional Condition" No. 1 of their policy. Part (b) provides as follows:
"If at the time of loss the whole amount of insurance applicable to said building structure for the peril causing the loss is less than 80% of the full replacement cost of such building structure, this company's liability for loss under this policy shall not exceed the larger of the following amounts (1) or (2):
(1) the actual cash value of that part of the building structure damaged or destroyed; or
(2) that proportion of the full cost of repair or replacement without deduction for depreciation of that part of the building structure damaged or destroyed, which the whole amount of insurance applicable to said building structure for the peril causing the loss bears to 80% of the full replacement cost of such building structure."
This condition is preceded however, by an exclusionary preface which provides as follows:
"This condition shall be applicable only to a building structure covered hereunder excluding outdoor radio and television antennas and aerials, carpeting, awnings, including their supports, domestic appliances and outdoor equipment, all whether attached to the building structure or not." (Emphasis the Court's)
Defendant contends that this exclusion applies only to outdoor carpeting, and that the instant carpeting involved is indoor carpeting; hence the exclusion does not apply. This Court agrees with the reasoning of the trial judge as follows: "The first adjective `outdoor' clearly refers only to `radio and television antennas and aerials.' This is made evident by the subsequent use of the adjective `outdoor' in reference to `equipment,' which adjective would be entirely unnecessary if the first `outdoor' applied to all subsequent nouns. This Court holds that the exclusionary clause in `additional condition No. 1' applies to all carpeting, whether indoor or outdoor, and the measure of replacement cost for this carpeting is not controlled by `Additional Condition (1) (b).'"
Defendant insurer's obligation to its insured is governed by the following provision of the policy:
". . . this Company . . . does insure the Insured . . . to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss. . . .
Defendant contends, however, that the "actual cash value of the property at the time of loss" is not only limited to the carpeted area actually damaged by seepage, but that it should reflect depreciation of the carpet replaced.
The Valued Policy Statutes LSA-R.S. 22:695(B), provides that:
"Under any fire insurance policy, which may be written hereafter, and which is intended to take effect, at or after 12 o'clock noon, Central Standard Time, on the first day of August, 1964, on any inanimate property, immovable by nature or destination, situated within the State of Louisiana, the insurer shall pay to the insured, in case of partial damage, without criminal fault on the part of the insured or the insured's assigns, such amount, not exceeding the amount for which the property is insured, at the time of such partial damage, in the policy *795 of such insurer, as will permit the insured to restore the damaged property to its original condition . . . ." (emphasis added)
The carpeting at issue in this case is the kind which is applied directly to the concrete slab upon which the house is built and becomes immovable by destination. Reading the Valued Policy Statute provision given above, which took effect August 1, 1964, with the pertinent provision of plaintiffs' policy also quoted above, this court finds the trial judge eminently correct in finding plaintiffs due recovery equivalent to the actual cash value at the time of loss, not to exceed the repair or replacement cost using material of like kind and quality. There is no mention of allowance for depreciation in the case of damage to an immovable by destination. As pointed out above we agree with the trial judge in holding that replacement of carpeting in the entire bedroom wing of the plaintiffs' house was necessary to restore the damaged property to its original condition.
We must now determine the validity and propriety of plaintiffs' contention that the failure of the defendant to pay and discharge the liability under its policy within sixty days from the receipt of proofs of loss was arbitrary, capricious and unreasonable, and, in consequence thereof, would impose upon the defendant company liability for penalties and reasonable attorney fees under the provision of LSA-R.S. 22:658. The trial court refused to allow this statutory penalty and attorney fee based upon its holding that there was a bona fide dispute between the parties as to whether the carpet loss was partial or total under the provisions of the policy.
Had the delay in payment of the full amount due plaintiff involved the mere determination of whether the loss under the policy was whole or partial, and although we have concurred with the trial judge that the obligation under the policy imposed payment for the entire loss, we would be disposed to absolve the defendant from the payment of the penalty and attorney fee as did the trial judge on the ground that there was a bona fide dispute which negated unreasonableness, caprice and arbitrariness on the part of the company. However, here the defendant company, despite being reminded and charged with knowledge of the provisions of its own policy and the terms of the Valued Policy Statute, R.S. 22:695(B), chose to make a settlement with the plaintiff on the basis of the value of the carpeting damaged less a 60% depreciation factor. On the basis of our holding neither the terms of the policy nor the recited and pertinent statutory law justified a reduction for depreciation on the loss. See Gibsland Supply Co. v. American Employers Ins. Co., 242 So.2d 310 (La.App.2d Cir. 1970)
Cases in which courts have held that delays in payment of the full amount of the benefits provided by a policy beyond the prescribed period, and subjecting the company to penalties and attorney fees, are Albert v. Cuna Mutual Insurance Society, 255 So.2d 170 (La.App.3d Cir. 1971); Rushing v. American Income Insurance Company, 274 So.2d 458 (La.App.3d Cir. 1973), and Heinman v. Insurance Company of State of Pennsylvania, 270 So.2d 185 (La.App. 1st Cir. 1972), writ refused, La., 271 So.2d 873. In the Heiman case we quoted from the Albert decision as follows:
"An insurer must take the risk of misinterpreting its policy provisions. If it errs in interpreting its own insurance contract, such an error will not be considered as a reasonable ground for delaying the payment of benefits, and it will not relieve the insurer of the payment of penalties and attorney's fees."
Of course, it is an accepted precept that whether a failure or refusal to pay constitutes a violation of the Valued Policy Statute is a question of fact to be determined in the light of each individual case. Nonetheless, it appears to us that the overall evidence in this record did not justify the delay *796 in payment to the plaintiff, and defendant's failure to pay an amount in excess of that tendered was unreasonable, arbitrary and capricious, subjecting the defendant to the penalty and attorney fees imposed by R.S. 22:658.
By virtue of this holding we do not think we have done violence to our decision in Ranzino v. Allstate Insurance Company, 210 So.2d 907 (La.App. 1st Cir. 1968), since in the cited case the facts revealed a real and bona fide dispute with respect to the sole question of whether the loss was total or partial. There were several errors and miscalculations made by the insurer in the instant case, including the misinterpretation of its own policy, its failure to take into account the applicability of R.S. 22:695(B), and its failure to properly apprise and inform its adjusters of the methods needing to be used in making the loss appraisals under the policy terms.
Having reached the determination that the trial court erred in its refusal to award the penalty and attorney fees under R.S. 22:658, the next problem is to fix the amount to be exacted as attorney fees. As stated in Sensat v. State Farm and Casualty Company, 176 So.2d 804 (La. App.3d Cir. 1965), writ refused, 248 La. 419, 179 So.2d 17 (1965), and Cannizzaro v. Great American Insurance Company, 223 So.2d 704 (La.App.4th Cir. 1969) much discretion is left to the court in arriving at the amount, but such fees should be reasonable and based upon the attorney's time, skill and effort in representing his client. We also think that the magnitude of the litigation with respect to the issues raised as well as the sums involved should be considered in arriving at a just, reasonable and proper award for this item. After reviewing the record, keeping in mind the factors to be considered, we have concluded that the plaintiff should be awarded the sum of $600.00 as an attorney fee and the 12% statutory penalty.
For the foregoing reasons the judgment of the trial court is reversed insofar as it failed to award penalty and attorney fees, and there is now judgment in favor of the plaintiffs, Frank Eden Holloway and Virginia Rogers Holloway and against the defendant, Liberty Mutual Fire Insurance Company, in the additional sums of $600.00 as attorney fees and a penalty of $122.55, with interest at the rate of 7% per annum from judicial demand until paid; in all other respects the judgment of the trial court is affirmed.
The appellee, Liberty Mutual Fire Insurance Company, is cast with all costs.
Affirmed in part; reversed in part; and rendered.
NOTES
[*] This opinion was authored by TUCKER, J. prior to his death on the 25th day of January, 1974, and is concurred in by the remaining members of the panel.