KING, Judge.
The only issues before this Court, on remand from the Louisiana Supreme Court, are whether plaintiffs are entitled to penalties and attorney’s fees.
This appeal concerns a suit brought by Dwight A. Sayes and Phyllis E. Sayes (hereinafter plaintiffs) against Safeco Insurance Company (hereinafter defendant) to collect the difference between the “actual cash value” and the “replacement value”, under plaintiffs’ homeowners insurance policy issued by defendant, for damages sustained from a fire in plaintiffs’ home. Plaintiffs filed a Motion For Summary Judgment seeking immediate payment of the replacement value of their damaged property and defendant filed a Motion For Declaratory Judgment seeking a ruling from the trial court that no payment, in excess of the actual cash value of the damages previously paid to plaintiffs, were due under the terms of its policy of insurance until the damages to plaintiffs’ dwelling had actually been repaired. The trial court denied plaintiffs’ Motion For Summary Judgment and granted defendant’s Motion For Declaratory Judgment. Plaintiffs appealed to this Court. We reversed the declaratory judgment of the trial court, insofar as it held that defendant was not required to pay replacement costs before actual repair or replacement was made, and granted plaintiffs’ Motion For Summary Judgment and ordered defendant to pay plaintiffs the sum of $16,013.08, together with legal interest from date of judicial demand, until paid. Plaintiffs’ claim for penalties and attorney’s fees was denied. Sayes v. Safeco Insurance Company of America, 567 So.2d 687 (La.App. 3 Cir.1990).
Plaintiffs applied for writs to the Louisiana Supreme Court from our denial of their claim for penalties and attorney’s fees which were granted. Sayes v. Safeco Insurance Company of America, 571 So.2d 639 (La.1990). The Louisiana Supreme Court granted the writ and remanded this matter to us with instructions to reconsider our opinion in connection with the plaintiffs’ claim for penalties and attorney’s fees.
In remanding this case to us, the Louisiana Supreme Court specifically directed that we should consider plaintiffs’ claim for penalties and attorney’s fees in light of La.R.S. 22:695 and Holloway v. Liberty Mutual Insurance Company, 290 So.2d 791 (La.App. 1 Cir.1974), writ den., 293 So.2d 191 (La.1974); and Gibsland Supply Company v. American Employees Insurance Company, 242 So.2d 310 (La.App. 2 Cir.1970), writ den., 257 La. 987, 244 So.2d 858 (1971).
FACTS
The facts of this case are clearly described in our previous appellate opinion. See Sayes v. Safeco Insurance Company, 567 So.2d 687 (La.App. 3 Cir.1990). Ac *1073 cordingly, we will not reiterate the facts herein, except where appropriate in our treatment of the issues presented.
PENALTIES AND ATTORNEY’S FEES
On March 7, 1988, plaintiffs’ dwelling, insured by defendant, was severely damaged by fire, although not totally destroyed. On May 3, 1988, plaintiffs furnished a proof of loss to defendant in the amount of $37,888.61, the estimated cost of repairing the fire damage. The adequacy of the proof of loss and the estimated cost of repairing the damages was not disputed by defendant. Defendant made a payment to plaintiffs of $21,875.53, representing the depreciated or “actual cash value” of the damaged property. Defendant contended that, under the terms of its policy, the balance of the loss was not payable to plaintiffs until the damaged property was actually repaired. This Court, in its previous appellate opinion, determined that payment of the entire undepreciated amount of the property damages, or the difference of $16,013.08, was immediately due and payable to plaintiffs.
Defendant contended that, under the terms of its policy, the balance of the loss was not payable to plaintiffs until the property damages were actually repaired. We found that the language of the insurance policy was ambiguous and that plaintiffs were entitled to immediate payment of the replacement cost of the damaged property before actual repairs were made. Finding a bona fide dispute existed over interpretation of the policy, we denied penalties and attorney’s fees since defendant had actually paid the depreciated cost of the damages, the “actual cash value,” and was not contending that the “replacement value” of the damages was not owed, but only that the “replacement value” of the damages was not owed until after actual repairs were made. Though we did not agree with defendant’s position, we found defendant’s argument was made in good faith and, for this reason, penalties and attorney’s fees were not awarded.
La.R.S. 22:695(B) (repealed July 27, 1988), which was in effect at the time of the loss, provided that:
“(B) Under any fire insurance policy, which may be written hereafter, and which is intended to take effect, at or after 12 o’clock noon, Central Standard Time, on the first day of August, 1964, on any inanimate property, immovable by nature or destination, situated within the State of Louisiana, the insurer shall pay to the insured, in case of partial damages, without criminal fault on the part of the insured or the insured’s assigns, such amount not exceeding the amount for which the property is insured, at the time of such partial amount for which the property is insured, at the time of such partial damage, in the policy of such insurer, as will permit the insured to restore the damaged property to its original condition; provided, however, that for any loss of an insured object which would constitute total loss under Sub-section A of this provision but which loss is covered by a blanket-form policy of insurance, Sub-section B of this provision shall apply, and the insurer shall pay to the insured an amount equal to the actual cash value at the time of the loss of each insured object so destroyed, not exceeding the total amount of the insurance.” (Emphasis supplied.)
In our earlier opinion, we did not discuss the application of this statute to the policy. This statute mandates that an insurer pay the insured, in case of partial damage, such amount as would permit the insured to restore the damaged property to its original condition. This statute obviously contemplates payment to the insured of the replacement cost of the damages before the repairs are actually made, otherwise, the insured would not have the insurance proceeds to restore the damaged property. We find that this statute was applicable to the defendant’s policy of insurance issued to plaintiffs. Defendant relied on provisions of its policy, which contravened this statute, and such position, even though taken in good faith, cannot relieve defendant from the imposition of statutory penalties and attorney’s fees. See Holloway *1074 v. Liberty Mutual Insurance Company, supra and Gibsland Supply Company v. American Employers Insurance Company, supra. For these reasons, we find that statutory penalties are due and owing by defendant to plaintiffs for their failure to pay the cost of the replacement value of the damages to plaintiffs' home.
La.R.S. 22:658(B)(1),[1] which was in effect at the time of the claim, provided that:
“Failure to make such payments unthin sixty (60) days after receipt of such proofs and demand therefore, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of ten percent damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney’s fees for the prosecution and collection of such loss, or in the event partial payment or tender has been made, ten percent of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney’s fees for the prosecution and collection of such amount.” (Emphasis supplied.)
We find that defendant’s position, in relying on the terms of its policy to withhold payment of the replacement cost of repairing the damages until after the repairs are made, to have been without probable cause in light of the provisions of La.R.S. 22:695(B). For these reasons, we render judgment in favor of plaintiffs and against defendant in the amount of $1,601.30 which is ten percent of the difference between the amount paid and tendered defendant and the amount we ordered paid in our earlier opinion.
Defendants argue in brief to this Court that there is no evidence in the record to establish a basis for attorney’s fees since no evidence was presented in the trial court. Our courts have uniformly held that evidence of the value of an attorney’s service is not necessary where the services are rendered under the supervision of the court. Hebert v. K & R Enterprises, Inc., d/b/a 2-10 Auto Sales, 576 So.2d 132 (La.App. 3 Cir.1991); Guillory v. Jim Tatman’s Mobile Homes, Inc., 490 So.2d 1185 (La.App. 3 Cir.1986). The record reflects the following services of plaintiffs’ attorney in this matter. A lawsuit was filed on plaintiffs’ behalf and a request for admissions of fact was prepared and served upon the defendant. The record further reflects that a motion for summary judgment was filed and that an affidavit of plaintiffs was obtained and attached to that motion, together with plaintiffs’ request to the defendant for admissions of fact, and defendant’s responses to plaintiffs’ request for admissions of fact. The record shows that a memorandum of authorities in support of the motion was prepared and filed on behalf of plaintiffs by their attorney. The record further reflects that plaintiffs’ attorney appeared in open court to orally argue the motion for summary judgment and oppose the motion for declaratory judgment filed by defendant. The record further reflects that, after the proceedings were concluded at the trial level, plaintiffs’ counsel perfected and completed an appeal to this Court and filed a brief in support thereof. The record further reflects that plaintiffs’ attorney appeared and orally argued the appeal and was partially successful in the first appeal to this Court. The record further reflects that plaintiffs’ attorney prepared and filed an application for supervisory writs to the Louisiana Supreme Court and was successful in having this case remanded to this Court for reconsideration of the issue of penalties and attorney’s fees. The record further reflects that plaintiffs’ attorney prepared and filed an additional brief on the remand of this case to this Court. Considering the work involved under the supervision of the Court, the competence and expertise of plaintiffs’ counsel, and the result obtained, we find that reasonable attorney’s fees should be fixed in the sum of $7,500.00.
*1075 For the foregoing reasons, the judgment of the trial court denying plaintiffs judgment against defendant for penalties and attorney’s fees is reversed, vacated, and set aside, and judgment is rendered in favor of plaintiffs and against defendant for penalties in the sum of $1,601.30, together with legal interest thereon from date of judicial demand, until paid, and attorney’s fees in the sum of $7,500.00, together with legal interest thereon from date of this judgment, until paid. In all other respects, the earlier judgment of this Court is affirmed. All costs of the Louisiana Supreme Court and this Court on remand are taxed to defendant-appellee.
REVERSED IN PART AND RENDERED.

. This statute was amended by Act 262 of 1990, effective July 4, 1990, but these amendments would not be applicable to this suit which arose before these amendments became effective.