(90 South. 759)

No. 24188.

BRONSON v. HARRIS ICE CREAM CO., Inc.

(Jan. 2, 1922.    Rehearing Denied Jan. 30, 1922.)

(Syllabus by Editorial Staff.)

Master and servant ⬅⮕385(18)—Compensation not defeated by refusal to submit to operation.

Where an injured employee 59 years old refused to submit to an operation to remove broken parts of his knee, requiring an anæsthetic and resort to a hospital as a charity patient, his refusal was not unreasonable, and did not defeat recovery for his disability under Workmen's Compensation Act, §§ 1, 28, 36, and section 10, as amended by Act No. 38 of 1918, § 1, containing no provision for an operation.

Appeal from Civil District Court, Parish of Orleans; Wynne G. Rogers, Judge.

Proceeding by W. T. Bronson against the Harris Ice Cream Company, Inc., for compensation under the Workmen's Compensation Act. From judgment for defendant, plaintiff appeals. Judgment set aside, and compensation to plaintiff decreed.

Wm. H. Byrnes, Jr., and Rene A. Viosca, both of New Orleans, for appellant.

Farrar, Goldberg & Dufour, of New Orleans, for appellee.

PROVOSTY, J.    Plaintiff suffered an injury to his knee in the course of his employment at defendant's ice cream factory. He sues under the Workmen's Compensation Act and its amendments (Acts 20 of 1914; 243 of 1916; 38 of 1918) as for total disability. He describes the accident as follows:

"I started to go up on the elevator, and there was a large hole in the elevator. I stepped to the side of it, but the elevator there was very slippery with ice and cream, and before I knew it my left foot slipped into the hole; and the elevator was pulled by hand, by a negro pulling a rope by hand, and he took a long pull, when he started the elevator, and that threw me down in the hole; I went in up to the crotch."

The disability is not contested, but is said not to be attributable to the accident, but to plaintiff's refusal to allow an operation to be performed, which would probably have cured him, and certainly relieved him of all pain, and thus restored his ability to work.

The operation, as we understand, would have consisted in opening the knee, and removing therefrom some broken parts. Plaintiff, being 59 years old, hesitated about having this done, and finally concluded not to, after consultation with several surgeons. These surgeons advised that the operation would not be dangerous to life or health, and that the chances of success, in which event the use of the limb would be completely restored, and of nonsuccess, in which event the limb would become ankylosed and rigid, were about even. Plaintiff would have had to be anæsthetized; and, being without means, would have had to resort to the Charity Hospital as a charity patient, which appeared to him in the light of a humiliation.

He refers the court to section 1, par. 1, of Act 20 of 1914, reading " * * * and for such employee and employer the payment of compensation, according to and under the terms, conditions and provisions hereinafter set out in this act, shall be exclusive, compulsory and obligatory," and argues that the having to submit to an operation is not mentioned among the "terms, conditions and provisions hereinafter set forth in this act," and that therefore submission to an operation cannot be made a condition precedent to recovery under the act; that to so require would be to add a "condition" to the act, and that the absence of such a requirement is not accidental, since provision is made for having to submit to an examination (see section 10 of the act as amended in 1918); that, moreover, section 28 of the act specifies the conditions under which compensation shall not be allowed, and does not include among them the refusal to submit to an operation. The act, in its section 36, provides further—

"That no contract, rule, regulation or device whatsoever shall operate to relieve the employer, in whole or in part, from any liability created by this act except as herein provided."

To the legal action which the injured employee might have to recover full indemnification the act substitutes a right to partial indemnification, but seeks to facilitate and insure as far as possible the recovery of this indemnity. To that end it takes away defenses, simplifies procedure, and creates presumptions. That purpose would in a large measure be defeated if the door were opened for discussion as to whether the injured employee should or not have recourse to an operation. This would be adding uncertainty where the law clearly desires that there should be none.

At the same time we must recognize that such a thing might be as an injury curable by an operation so simple and unattended by risk that plainly the real cause of the disability would be not so much the injury as the not making use of the easy remedy at hand.

On this question of whether under the Workmen's Compensation Act an injured employee may have to resort to an operation as a prerequisite to recovery of compensation for disability, and on the further and much more difficult question of under what circumstances he will be required to do so, there is much jurisprudence. The plaintiff cites the cases of McNally v. Hudson, 87 N. J. Law, 455, 95 Atl. 122; Raubon Coal Co. v. Thomas, 3 B. W. C. 32; Bothanell v. Davies, 19 T. L. R. 423; 5 W. C. C. 141; Sweeney v. Pumpherston Oil Co., 5 F. 972; 40 Sc. L. R. 721; Mercurio v. California Trans. Co., 1 Cal. Ind. Acc. Com. Did. (No. 16, 1914) 11; 10 N. C. C. A. 197, note B, and 15 N. C. C. A. p. 81, note II, B.; Marshall v. Navigation Co., 1 King's Bench Div. 79. Defendant cites the same case of McNally v. Hudson, etc., supra: and the following: Lesh v. Illinois Steel Co., 163 Wis. 124, 157 N. W. 539, L. R. A. 1916E, 105; O'Brien v. Albrecht Co., 206 Mich. 101, 172 N. W. 601, 6 A. L. R. 1257; Kricinovich v. American Car & Foundry Co., 192 Mich. 687, 159 N. W. 362; Warncken v. Moreland, 100 L. T. 12 (1909) 1 K. B. 184; Walsh v. Locke Co., 6 N. C. C. A. 675, and note; Paddington Borough Council v. Stack, 2 B. W. C. C. 402; Anderson v. Baird & Co., 5 F. 373; 40 Sc. L. R. 263 (1903); Joliet Motor Co. v. Industrial Board, 280 Ill. 148, 117 N. E. 423; Enterprise Fence & Foundry Co. v. Majors, 68 Ind. App. 575, 121 N. E. 6. Most of these cases are inapplicable under our statute, except in so far as establishing the proposition that the injured employee must not be entirely unreasonable in refraining from an operation, however simple and harmless; and the others turn upon the facts, as does the present.

In view of the age of the plaintiff, and of the seriousness of the operation, requiring the administration of an anæsthetic and in view of the natural (though unreasoning and,

we may add, groundless) prejudice against the resorting to the Charity Hospital, we do not think that plaintiff's unwillingness to submit to an operation was entirely unreasonable. It was not the result of caprice, but of the natural dread of a surgical operation, always attended with more or less risk, especially after a certain age.

The judgment appealed from is therefore set aside, and it is now ordered, adjudged, and decreed that the plaintiff, W. T. Bronson, have judgment against the defendant, the Harris Ice Cream Co., Inc., in the sum of $11.55 per week, payable from week to week, for 400 weeks, or as long as the disability shall continue, beginning on November 1, 1918, with 5 per cent. per annum interest on tue past-due installments thereof from the date the same became due, under the present judgment, less the sum of $485 already paid, and operating in part satisfaction of the present judgment; and that the defendant pay the costs of this suit.