194 So. 585

**SIMMONS v. BLAIR et al.**

Nos. 35557, 35559.

Jan. 9, 1940.

Rehearing Denied March 4, 1940.

Elmer L. Stewart, of DeRidder, for Simmons.

McCoy & King, of Lake Charles, for Blair and Liberty Mut. Ins. Co.

PONDER, Justice.

This case comes to us on review from the Circuit Court of Appeal, First Circuit.

The plaintiff instituted suit in the district court in Calcasieu Parish seeking compensation under the Workmen's Compensation Act, Act No. 20 of 1914, against A. Farnell Blair and Liberty Mutual Insurance Company for an injury to his knee sustained while in the employment of A. Farnell Blair. The plaintiff alleged that the injury was received while performing services growing out of and incidental to his employment and the injury resulted in his total and permanent disability. After answer was filed the case was tried and the district court gave judgment granting the plaintiff compensation at the rate of $20 per week from December 3, 1937 to April 18, 1938, on which date compensation payments shall cease, subject to a credit of $125.71, previously paid by the defendants to the plaintiff. The judgment of the district court provided that should the plaintiff, within a reasonable length of time after this judgment becomes final, elect to undergo the surgical operation tendered by the defendants to remove the disability to his knee, without expense to the plaintiff and by a surgeon of plaintiff's own choice, then and in that case the compensation payments shall be resumed and continued for a period of eight months after the operation. On appeal the Court of Appeal amended the judgment of the lower court by allowing the plaintiff compensation at the rate of $20 per week for a period of not exceeding

400 weeks, beginning December 3, 1937, subject to a credit of $125.71. The judgment of the Court of Appeal provided that within a period of 30 days from the date on which the judgment becomes final the plaintiff is required to submit to an operation on his right knee by a surgeon of his own selection at the cost of the defendants and on his refusal to submit to the operation within that time and without reasonable grounds the compensation is to cease after 30 days. The judgment further provided that after the operation the defendants were given the right to show that the disability no longer exists and that the compensation should cease. Both the plaintiff and the defendants applied to this Court for writs of review which were granted. The case is now submitted for our determination.

The plaintiff contends that the Court of Appeal is in error in holding that his disability can be relieved by a simple, minor and harmless surgical operation unaccompanied by great pain and unattended by serious risks; that the finding is contrary to the law for the workmen; and it is in direct conflict with the established jurisprudence of this State.

The defendants contend that the refusal of the plaintiff to submit to the tendered operation releases the defendants from the obligation to continue compensation payments. The defendants take the position that where a simple and harmless operation, which will cure the employee's condition, is seasonably and duly offered by the employer and the employee arbitrarily and unreasonably refuses it that the tender of the operation releases the employer from the obligation of continuing compensation payments.

There is no dispute raised herein as to the correctness of the judgment of the Court of Appeal with respect to the other issues raised therein. However, upon examination of the record we have arrived at the conclusion that the findings of the Court of Appeal with respect to such issues are correct.

The serious issue presented herein is whether or not the plaintiff can be required to submit to the operation as a prerequisite to the continuance of compensation payments.

From the record in this case and the findings of the Court of Appeal the injury to plaintiff's right knee consists of a fractured internal semilunar cartilage which protrudes to the medial side of the knee joint causing a tumor mass or growth at that point. The testimony shows that the operation to relieve this condition would require the opening of the knee joint, making a split in the capsule and removing the loose or fractured portion of the semilunar cartilage. There is testimony in the record to the effect that the operation may be performed under a local or general anesthetic, but the preponderance of the testimony is to the effect that a general anesthetic would be preferable.

Counsel for both plaintiff and defendants have cited a number of cases which they claim support their contention. Upon examination of the cases cited, we only find two cases that are in any way similar

to the instant case: Yarbrough v. Great American Indemnity Company, La.App., 159 So. 438; Bronson v. Harris Ice Cream Co., Inc., 150 La. 455, 90 So. 759. We will discuss these cases later.

In the case of Crawford v. Tampa Inter-Ocean S. S. Co., Inc., 155 So. 409, Court of Appeal, wherein the Court of Appeal made an exhaustive review of the prior jurisprudence, it appears that the surrounding conditions and circumstances in each case must be taken in consideration in determining whether or not the refusal to submit to an operation is reasonable or arbitrary. It appears that where the refusal to submit to the operation was not unreasonable that it could not bar the employee from further compensation payments. This doctrine is borne out in the case of Bronson v. Harris Ice Cream Co., Inc., supra. This brings us to the question of whether or not the plaintiff's refusal to submit to the operation was reasonable or arbitrary.

The medical testimony in this case as to whether the operation is a simple one, unattended by appreciable risk or pain, is conflicting. The defendants' witnesses are not in accord on this point. A physician and surgeon, called by the defendants, testified that the operation was in the nature of removing an appendix and that he did not look on it as either a major or minor operation. This witness testified that it was little more than a minor operation and a little less than a major operation, something like removing a tumor from the abdomen. This witness also compared the operation as being in the nature of an operation removing the tonsils. Another witness called by the defendants, an orthopedic surgeon, testified that in the hands of a competent orthopedic surgeon it is a simple operation. He testified that from 75% to 80% recover completely without showing any weakness in the knee as a result of such operation. He estimated the time of recovery from four to eight months and not exceeding one year. The physician who did the medical work for the defendant A. Farnell Blair was called by the defendants and testified that the operation is a simple one because it is so common. There was another witness who was not called, but it was agreed that his testimony would be to the same effect as the other medical witnesses. The plaintiff only called one medical witness who testified that he would not consider the operation a minor one and seriously doubted if the plaintiff's knee would be as strong after the operation as it was prior to the injury.

If we were to consider that the tendered operation was to be regarded in the nature, as to the seriousness thereof, of a tonsillectomy, an appendectomy or an abdominal operation for the removal of a tumor, it certainly could not in the light of the jurisprudence of this State be considered such an operation that the employee's refusal to undergo it would be unreasonable or arbitrary.

In the case of Yarborough v. Great American Indemnity Co., supra, which involved the removal of the bony spur or protrusion from the femur of the plaintiff's left leg, the Court of Appeal in effect

stated that it could not reach the conclusion under the jurisprudence of its Circuit that it had the right to render even an alternative judgment ordering such an operation.

A case very similar to the instant case and almost in point was decided by this Court in the case of Bronson v. Harris Ice Cream Co., supra, wherein a person 59 years of age sustained an injury to the knee which required an operation, similar to the one in the instant case, requiring the opening of the knee joint and removing some broken parts therefrom, this Court in effect held that the employee's unwillingness to submit to the operation was not unreasonable and the plaintiff was allowed compensation without requiring him to submit to the operation. It might be urged that the plaintiff in this case being younger, 37 years of age, that that fact might make a distinction between this case and the cited case. We see no reason why this should make any distinction. It is the nature of the operation with which we are concerned. It may be true that younger persons' chances for recovery are greater, but it would be unfair and cause confusion to say that the refusal to undergo such an operation by a person of one age is reasonable and the refusal by a person of another age is unreasonable.

In the case of Bronson v. Harris Ice Cream Co., supra [150 La. 455, 90 So. 760], this Court stated:

"To the legal action which the injured employee might have to recover full indemnification the act substitutes a right to partial indemnification, but seeks to facilitate and insure as far as possible the recovery of this indemnity. To that end it takes away defenses, simplifies procedure, and creates presumptions. That purpose would in a large measure be defeated if the door were opened for discussion as to whether the injured employee should or not have recourse to an operation. This would be adding uncertainty where the law clearly desires that there should be none.

"At the same time we must recognize that such a thing might be as an injury curable by an operation so simple and unattended by risk that plainly the real cause of the disability would be not so much the injury as the not making use of the easy remedy at hand."

We have reached the conclusion the plaintiff's refusal to undergo the operation is not unreasonable or arbitrary and that he should not be denied the continuance of the compensation payments.

For the reasons assigned the judgment of the Court of Appeal and the district court is amended. It is now ordered, adjudged and decreed that there be judgment in favor of Robert L. Simmons, the plaintiff, and against A. Farnell Blair and Liberty Mutual Insurance Company, in solido, granting unto plaintiff compensation at the rate of $20 per week for a period not exceeding 400 weeks beginning December 3, 1937 with legal interest on all payments past due and unpaid until paid, subject to a credit of $125.71. The defendants to pay all costs.