Andrew J. SERPAS, Plaintiff,

v.

**W. HORACE WILLIAMS COMPANY,**
Inc. and The Employers' Group Insurance Companies, Defendants.

No. 6124.

United States District Court
E. D. Louisiana,
New Orleans Division.

March 14, 1958.

---

Joseph J. Laura, Jr., New Orleans, La., for plaintiff.

Deutsch, Kerrigan & Stiles, Marian Mayer, New Orleans, La., for defendants.

J. SKELLY WRIGHT, District Judge.

This case presents the troublesome problem under the Louisiana Workmen's Compensation Statute as to whether the claimant is capable of performing work of the same or similar description to that which he customarily performed at the time of his accident. Louisiana Workmen's Compensation Act provides payment of compensation "for injury producing permanent total disability to do work of any reasonable character * * *."[1] Like all compensation acts, Louisiana's has been interpreted by her Supreme Court liberally in favor of the compensation claimant so that now it is uniformly held that "work of any reasonable character" means "work of the same or similar description"[2] to that

---

1. LSA–R.S. 23:1221.

2. Scott v. Hillyer, Deutsch, Edwards, Inc., 217 La. 596, 46 So.2d 914, 917; Hughes v. Enloe, 214 La. 538, 38 So.2d 225; Knispel v. Gulf States Utilities Co., 174 La. 401, 141 So. 9, 12.

852

which the claimant customarily performed at the time of his accident.

■ Plaintiff here is by trade a carpenter and has been for fourteen years. At the time of his injury, he was employed on large construction work making and moving large 1,200-pound wooden forms for the pouring of large concrete parts of the facility which his employer was building. He suffered his injury when, with several co-workers, he was carrying one of these large wooden forms and the co-workers let go too soon or he, the plaintiff, held on too long. As a result of his injury, the plaintiff has been unable to perform carpentry work on large construction, such as he was performing at the time of his accident. He has been reduced to working on small construction at less wages and then only with the help of a supporting back brace. The orthopedist specialist from the Ochsner Clinic, whose testimony is credited, testified that Serpas is permanently disabled from doing heavy work, that Serpas is suffering from an aggravation of a congenital condition known as spondylolisthesis, which is a slippage forward, and out of line, of the fifth lumbar vertebra. While this congenital condition is predisposing to back trouble,[3] Serpas has only suffered one prior back injury, some years before the injury in suit, and that prior back injury was not of sufficient duration to warrant compensation.[4] As a matter of fact, Serpas, prior to the incident in suit, has never been the recipient of workmen's compensation of any kind.

■ At the time of his injury, Serpas was making $2.70 an hour. He was injured on January 26, 1956. He was paid compensation until March 24, 1956, at which time he was returned to light work by his employer. The defendant's physician, however, continued to treat Serpas until July 14, 1956. A neurosurgeon of the Ochsner Clinic, Dr. Kirgis, on July 27, 1956, noting Serpas's complaints of pain in his lower back, found a muscle spasm in the area complained of. In December, 1957, or shortly before the trial of this case on January 17, 1958, the orthopedic surgeon of the Ochsner Clinic, Dr. Orofino, examined Serpas and found that he was disabled from doing heavy work, such as he customarily performed at the time of his accident, by reason of the injury to his back. Dr. Orofino recommended an operation fusing the vertebra.[5] Other doctors examined Serpas and arrived at findings different in some degree from those of Dr. Kirgis and Dr. Orofino. To the extent their findings are different, they are not credited.

Since his accident, Serpas has been successful in obtaining employment as a carpenter doing light work. He is unable to perform the type of heavy construction carpentry which he customarily performed at the time of his accident. As a result, he has been unable to obtain employment through his union hall and has been forced to accept light carpentry jobs which pay him less than the amount he was making at the time of his accident[6] and substantially less than the going rate for union carpenters. It appears, therefore, that as a result of this accident, Serpas cannot compete in the labor pool with those persons with whom he competed prior thereto. In spite of all of the large construction which has taken place and is taking place in this area since his accident, Serpas has been reduced to taking light carpentry jobs at less wages. When the demand for able-bodied carpenters who

3. Congenital condition causing predisposition to injury does not bar compensation under the Act. Behan v. John B. Honor Co., 143 La. 348, 78 So. 589, L.R.A. 1918F, 862.

4. LSA–R.S. 23:1224 states: "No compensation shall be paid for the first week after the injury is received; * * *."

5. Compensation claimant is not required to accept an operation. Simmons v. Blair, 194 La. 672, 194 So. 585; Bronson v. Harris Ice Cream Co., 150 La. 455, 90 So. 759.

6. $1.50 and $2 per hour as compared to the $2.70 per hour he was making at the time of his accident.

can participate in heavy construction slackens, it may be safely assumed that Serpas will not be able to compete with such men even for the type of work Serpas is now able to do.[7]

The humane philosophy of the Louisiana Workmen's Compensation Act, like all such acts, requires industry itself to bear the cost of destruction or impairment of productive potential in workmen injured by its hazards. Here plaintiff, formerly an able-bodied carpenter, doing heavy construction work at the time of his accident, by reason of his injury, can no longer accept employment in his chosen occupation in the heavy construction industry. His productive potential has been impaired to the extent that he is restricted to performing light work in his chosen occupation, at reduced wages, and then only with pain and the support of a back brace.[8] He is an industrial invalid who can no longer perform "work of the same or similar description" to that which he customarily performed at the time of his accident. He is, therefore, under the law, permanently and totally disabled.[9] The employer has a right at any time, six months after rendition of this judgment, to have Serpas examined to determine whether his disability continues. If such examination shows that his disability has ceased, then his compensation will cease.[10] Consequently, there is no real chance that defendant will be required to pay compensation for any extended period during which plaintiff's condition does not require it.

Judgment for plaintiff. No credit on compensation for wages earned since the accident.[11]

---

7. See Washington v. Independent Ice & Cold Storage Co., 211 La. 690, 30 So.2d 758; Henry v. Higgins Industries, La. App., 24 So.2d 402, 404.

8. See Franklin v. Bon Ami Lumber Co., La.App., 41 So.2d 254; Lee v. International Paper Co., La.App., 16 So.2d 679.

9. Stieffel v. Valentine Sugars, Inc., 188 La. 1091, 179 So. 6, 14; Cobb v. A. G.

McKee & Co., La.App., 45 So.2d 432; Davis v. Trans-American Const Co., La. App., 160 So. 841.

10. LSA–R.S. 23:1331.

11. See Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218; White v. Calcasieu Paper Company, La.App., 96 So.2d 621; Myers v. Jahncke Service, Inc., La.App., 76 So.2d 436.