BARNETTE, Judge.
This is an appeal by plaintiff, Charles E. Williams, from a judgment dismissing his suit in tort for personal injuries and alternatively for workmen’s compensation against defendant, Atlantic & Gulf Stevedores, Inc.
Plaintiff was involved in an accident on the Toulouse Street Wharf in the City of New Orleans on September 28, 1964, when he was accidently struck by a cargo truck owned by the defendant corporation and operated by one of its employees. He received injuries to his right shoulder, the calves of his legs, his neck and his back. He was admitted to Touro Infirmary for emergency treatment and observation that day and was discharged two days later. He returned to his regular work on October 5, 1964, and has continued to do the work he was doing at the time of the accident complained of. Compensation was paid to plaintiff for three days’ work he missed as a result of the accident.
On September 24, 1965, plaintiff filed suit against defendant seeking workmen’s compensation benefits from defendant for alleged permanent partial disability resulting from the accident. In his petition he alleged that he was an employee of Atlantic & Gulf Stevedores, Inc., and therefore was entitled to the compensation benefits. Defendant answered the petition and admitted that plaintiff was an employee of *526 the corporation but denied its liability under the compensation act.
On February 7, 1968, plaintiff filed a supplemental and amended petition wherein he alleged that he was in error in his original petition when he stated that he was an employee of Atlantic & Gulf Stevedores, Inc., at the time of the accident, but rather that he was an employee of the West Coast Line, Inc., and therefore his injury does not fall within the provisions of the Louisiana Workmen’s Compensation Act but is a tort action against Atlantic & Gulf Stevedores, Inc., for damages. In the alternative plaintiff prayed that if the court should find that he was an employee of Atlantic & Gulf Stevedores, Inc., then he is entitled to partial permanent benefits at the rate of $35 per week for 400 weeks and for all medical expenses.
On February 23, 1968, defendant filed a motion to strike the amended petition which motion was denied on April 16, 1968.
On April 24, 1968, defendant filed the dilatory exception of vagueness and the peremptory exceptions of no cause of action and prescription. After a hearing on the exceptions, judgment was rendered July 8, 1968, overruling the exceptions of no cause of action and prescription but upholding the exception of vagueness.
On August 12, 1968, plaintiff filed a second amended and supplemental petition wherein he pleaded more particularly the tort action against defendant.
On September 4, 1968, defendant filed an answer to the first and second supplemental and amended petitions and again alleged that plaintiff was an employee of defendant at the time of the accident and therefore can only bring suit for workmen’s compensation. In the alternative defendant pleaded that plaintiff’s negligence was the sole and proximate cause of the accident and defendant also specifically pleaded contributory negligence.
On May 29, 1969, trial was held on the merits. At the conclusion of the testimony, the district court judge rendered judgment from the bench holding that plaintiff was an employee of defendant, Atlantic & Gulf Stevedores, Inc., on the date of the accident and dismissed plaintiff’s suit. From this judgment plaintiff has appealed.
From the foregoing review of the pleadings, it is obvious that the primary issue before this court is one of fact, i. e., whether or not plaintiff was employed by defendant corporation on the date of the accident. If he was, his recourse against this defendant, if any, lies in a claim for workmen’s compensation. His claim of damages in tort can be maintained only if he was not an employee of this defendant. The correctness of the trial judge’s finding of fact that the plaintiff was an employee of this defendant will not be overturned except upon a clear showing of error.
There was filed in evidence a specimen copy of the contract used by West Coast Line in contracting with stevedoring companies for loading, unloading and servicing its vessels in the Port of New Orleans. The copy in evidence is in blank and does not contain the name of Atlantic & Gulf Stevedores, Inc., nor the contract schedule of rates per ton or per unit for loading general and specific cargo, but we are not concerned with those details in this case. There is no dispute that the general provisions of the contract were as indicated by this specimen copy.
It is evident from an examination of the contract that in addition to the services customarily embraced in stevedoring certain specific requirements may be made by West Coast, and for such additional services, the contract provides a method of payment. This is in addition to the principal contract payment set out specifically under the heading “Stevedoring Rate Schedule” for general and specific cargo. The contract provides for a method of changing the rate schedule from period to period to conform to changes in the wage *527 scale under the “International Longshoremen’s Association Agreement.”
Among the additional services which West Coast may require, and for which additional compensation is specified, is “extra work,” such as cleaning ship’s holds, discharging excess dunnage or debris, loading or discharging ship’s stores, carpenter or coopering work, etc. The contract provides :
“(b) * * * Extra labor to perform such services, as directed or authorized by West Coast Line or their representative, shall be charged to and reimbursed by West Coast Line at actual cost of labor plus 10% and in addition fringe benefits, insurances, taxes, etc., at actual cost. * * *”
A similar provision is made for additional compensation for persons in the category of the plaintiff Williams. The pertinent provision is as follows:
“5. Clerking & Tallying:
(a) If required by West Coast Line or their representative, the stevedore shall charge and West Coast Line shall reimburse them on the basis of actual cost plus 10 percent and in addition fringe benefits, plus insurance.”
It was under this contractual provision that Williams was employed as an assistant clerk, or “plan man.” We can make no distinction between his employment relationship and that of a laborer who might have been employed by Atlantic & Gulf to clean the ship’s holds or a carpenter to repair or build a crate.
All longshoremen and “clerks and checkers” employed by Atlantic & Gulf are supplied upon request by their respective unions. The number of such employees, we assume, will vary according to the job needs and the specific requirements of the shipping line. Upon being thus employed, Atlantic & Gulf paid to Mr. Williams wages at the prevailing scale, unemployment compensation as required, “fringe benefits into the union,” and all such assessments as customarily paid by an employer for an employee, except social security which was paid by Mr. Williams. Atlantic & Gulf also furnished W-2 forms.
The plaintiff’s principal witness was Buell Bourgeois, the chief clerk who had been for several years doing this type of work for West Coast Line for different stevedoring companies with whom West Coast had contracts. Apparently he had built up a good relationship with West Coast. He took orders from Edward Barr, the local general manager for West Coast Line. From this circumstance, he came to regard himself as West Coast’s chief clerk, though he has always received his pay and all other employee benefits from the respective stevedoring companies under contract with West Coast from time to time. The very nature of his duties: checking cargo on and off vessels, working out plans and diagrams for loading cargo into specific holds in accordance with the ship’s navigational schedule, etc., is such that they must be performed under supervision and orders of a representative of the shipping line. As chief clerk, Mr. Bourgeois received these orders from Mr. Barr and in turn he gave orders to his assistant clerk and “plan man,” Williams. We do not agree with Mr. Bourgeois that this made him and Williams employees of West Coast Line. They were employees of the contracting stevedore who supplied their services, along with longshoremen and “extra work” employees, if any, under contract with West Coast Line.
The plaintiff’s accident was reported to Atlantic & Gulf who provided immediate hospital and medical services as needed and who paid compensation for the few days lost on account of his injury. Furthermore, Atlantic & Gulf tendered medical services, including all hospital and surgical fees which would be required for the relatively minor surgery recommended by plaintiff’s physician to correct the condition to which plaintiff attributed his continuing pain and disability. Defendant *528 also offered to pay any additional compensation occasioned thereby. The plaintiff refused to submit to the operation, which the medical experts agreed was necessary and could be accomplished without undue risk.
It is the plaintiff rather than the defendant who injected into this case the question of by whom the plaintiff was employed. The plaintiff apparently never doubted that he was an employee of Atlantic & Gulf until long after his suit for compensation was filed. He seeks to renounce the allegation of his original petition made on his behalf by his original attorney, and which he did not personally sign. We can find no fault with the trial judge’s conclusion that this was an afterthought on plaintiff’s part when it was apparent that his recovery in compensation would be little or nothing, whereas an action in tort might be more advantageous.
If the plaintiff had had a substantial claim for workmen’s compensation and Atlantic & Gulf had denied him employment, there is not the slightest doubt that under the evidence here presented the plaintiff would have prevailed. If there had been any doubt in such a case of his employment by Atlantic & Gulf, he would have had the benefit of the rule of liberal construction in favor of a compensable case. We know of no application of that rule in reverse to enable a workman to recover damages through an action in tort against his employer.
We are convinced, as was the trial judge, that the plaintiff was an employee of the defendant and his action in tort cannot be maintained. The trial court judge attached some significance to the failure of the plaintiff to call Mr. Barr to testify concerning his alleged employment by West Coast Line. We agree his testimony would have been materially relevant to the question, but he was equally available to the defendant and his failure to be called should not necessarily be construed adversely to plaintiff. It was plaintiff’s primary burden to prove his employment by West Coast, rather than for defendant to prove the negative. The defendant’s burden was to prove that Williams was its employee. It has carried this burden by a preponderance of the evidence.
With respect to his alternative claim for workmen’s compensation benefits, the defendant has offered no proof of disability and there is no evidence that he lost any time from work nor incurred any medical expense for which he was not fully compensated. Furthermore, his refusal to submit to the relatively minor surgical procedure recommended to relieve the source of his continued discomfort and alleged partial disability bars recovery of compensation, if any is due, on that account. Simmons v. Blair, 194 La. 672, 194 So. 585 (1940); Duplechien v. States Exploration Co., 94 So.2d 460 (La.App. 1st Cir.1957); Powers v. Allied Chemical & Dye Corp., 46 So.2d 332 (La.App. 1st Cir. 1950); O’Niel v. M. W. Kellogg Co., 190 So. 182 (La.App. 1st Cir.1939); Leday v. Lake Charles Pipe & Supply Co., 185 So. 655 (La.App. 1st Cir.1939).
The judgment appealed is affirmed at plaintiff-appellant’s cost.
Affirmed.